NOT DESIGNATED FOR PUBLICATION

No. 128,624

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALTON KNOX,
*Appellant*.

MEMORANDUM OPINION

Appeal from Greenwood District Court; PHYLLIS K. WEBSTER, magistrate judge. Submitted without oral argument. Opinion filed March 20, 2026. Affirmed.

*Nathan M. Geffre*, of Hulnick, Stang, Gering & Leavitt, P.A., of Wichita, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BOLTON FLEMING, P.J., ISHERWOOD and COBLE, JJ.

PER CURIAM: Dalton Knox was pulled over for speeding by a Greenwood County deputy. The deputy observed an open box of beer in Knox's back seat, an open can of beer at his feet, and observed the odor of alcohol on Knox's person. Knox also made a statement that he had consumed four or five beers that evening. Based on these facts, the deputy extended the traffic stop into an investigation for the crime of driving under the influence of alcohol (DUI). The investigation resulted in Knox's arrest for DUI.

1

As the case proceeded to trial, Knox filed a motion to suppress. Knox argued that the deputy lacked reasonable suspicion to extend his traffic stop into a DUI investigation. The district court denied the motion to suppress and held a bench trial on stipulated facts, where Knox referenced the testimony at the motion to suppress hearing wherein he had raised the issue of reasonable suspicion.

The district court found Knox guilty of speeding, driving under the influence, transporting an open container, and no proof of insurance. Knox appeals, arguing the district court erred in denying his motion to suppress.

After a thorough review of the record, we find that reasonable suspicion supported the deputy's extension of the traffic stop into a DUI investigation. Considering the totality of the circumstances, the deputy's observations provided him with reasonable suspicion that Knox had committed the crime of DUI. The district court did not err in denying Knox's motion to suppress, and accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On November 25, 2023, Greenwood County Deputy Blake Fisher observed Dalton Knox driving 69 miles per hour in a 60 miles per hour zone. Deputy Fisher pulled Knox over for speeding, approached the vehicle, and noticed that the driver-side window was only partially rolled down. Deputy Fisher spoke with Knox through the window and observed an open box of beer in the backseat and an open can of beer at Knox's feet. Deputy Fisher also noted the area around Knox's feet was wet.

Deputy Fisher was initially unable to observe any odor of alcohol due to the partially opened driver side window, so he instructed Knox to step out of the vehicle. As Knox exited the vehicle, Deputy Fisher smelled the odor of alcohol. Deputy Fisher informed Knox that he was not under arrest at that time and asked Knox to sit in the

2

passenger seat of the patrol vehicle for further questioning. During this questioning, Knox informed Deputy Fisher that he had been arrested when he was 18 years old for the crime of minor in possession of alcohol, and when he was 21 years old for DUI. Knox also admitted to having "four to five" beers before the traffic stop.

Deputy Fisher conducted a field sobriety test and then arrested Knox for DUI. Later, a breathalyzer sample was taken from Knox which was over the legal limit. Knox was charged with speeding under K.S.A. 8-1558; DUI under K.S.A. 8-1567; transporting an open container under K.S.A. 8-1599; and no proof of insurance under K.S.A. 40-3104.

As his case progressed, Knox filed a motion to suppress the evidence in his case, arguing that Deputy Fisher did not have reasonable suspicion to conduct the DUI investigation. The district court denied the motion, specifically noting the open beer can at Knox's feet.

The case proceeded to a bench trial on stipulated facts where Knox again referenced his motion to suppress. The court considered the stipulated facts as well as the testimony from the suppression hearing and found Knox guilty of speeding, DUI, transporting an open container, and no proof of insurance.

Knox timely appeals.

ANALYSIS

DID DEPUTY FISHER HAVE REASONABLE SUSPICION TO INVESTIGATE KNOX FOR DUI?

Knox raises a single issue on appeal. While Knox acknowledges that Deputy Fisher had reasonable suspicion to stop his vehicle for speeding, he argues the evidence does not support Fisher's extension of that stop to complete a DUI investigation. Knox

3

argues that the district court erred in denying his motion to suppress based on this argument.

*Standard of Review*

This court reviews the district court's denial of a motion to suppress using a bifurcated standard of review. An appellate court determines whether the district court's findings are supported by substantial competent evidence and then reviews the ultimate legal conclusion de novo. *State v. Garrett*, 319 Kan. 465, 469, 555 P.3d 1116 (2024). In this case, since the facts are generally uncontroverted, the ultimate question is a question of law reviewed de novo. *State v. Mendez*, 319 Kan. 718, 735-36, 559 P.3d 792 (2024).

*Discussion*

The Fourth Amendment to the United States Constitution and section 15 of the Kansas Constitution Bill of Rights protects the people from unreasonable searches and seizures. U.S. Const. amend. IV; Kan. Const. Bill of Rights, § 15. These provisions require that police officers must obtain a warrant before conducting a search or seizure unless an exception to the warrant requirement applies. *State v. Doelz*, 309 Kan. 133, 140, 432 P.3d 669 (2019). One of those exceptions is an investigatory detention, or a *Terry* stop. *State v. Bates*, 316 Kan. 174, 182, 513 P.3d 483 (2022); see *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

"[I]nvestigatory detentions are constitutionally permissible if an objective officer would have a reasonable and articulable suspicion that the detainee committed, is about to commit, or is committing a crime." *State v. Hanke*, 307 Kan. 823, 828, 415 P.3d 966 (2018). A traffic stop is an investigatory detention that must be justified by reasonable suspicion. *State v. Arrizabalaga*, 313 Kan. 323, 330, 485 P.3d 634 (2021). Extending a traffic stop beyond the purpose of the original stop requires "an objectively reasonable

4

and articulable suspicion that criminal activity was or is taking place." *State v. Jones*, 300 Kan. 630, 641, 333 P.3d 886 (2014). Reasonable suspicion is a lower standard than probable cause, and what is reasonable is dependent on the totality of the circumstances in the view of a trained law enforcement officer. *State v. Sharp*, 305 Kan. 1076, 1081, 390 P.3d 542 (2017).

Here, the evidence before the district court was largely uncontroverted. Deputy Fisher stopped Knox's vehicle for speeding. As he approached Knox's vehicle, Deputy Fisher noticed that Knox's window was only partially rolled down. As a result, Deputy Fisher was unable to observe any odor of alcohol. Still, Deputy Fisher was able to observe an open box of Busch Light in Knox's back seat and an open beer can at Knox's feet. Deputy Fisher also noticed that the floor near the open beer can was wet. Deputy Fisher testified that he believed at this point he had probable cause to arrest Knox based on transporting an open container of alcohol.

Deputy Fisher asked Knox to step out of the vehicle. Once out of the vehicle, Deputy Fisher observed the odor of alcohol. Deputy Fisher informed Knox he wasn't under arrest but asked him to sit in front passenger seat of the patrol car. While speaking with Knox, Deputy Fisher learned that Knox had been previously arrested for minor in possession of alcohol at age 18 and DUI at age 21. During this conversation, Knox also admitted to having "four to five" beers before the traffic stop.

Deputy Fisher did not observe slurred speech, difficulty in communicating, bloodshot eyes, slow or sluggish movements, or any other indicators consistent with impairment. But it is uncontroverted that Deputy Fisher observed an open beer box in Knox's back seat, an open beer can at Knox's feet, and the odor of alcohol coming from Knox's person. And Knox admitted to drinking prior to the stop. We must then consider whether this evidence, observed by Deputy Fisher at the time he stopped Knox, created "an objectively reasonable and articulable suspicion that criminal activity was or is taking

5

place" that would justify the extension of the traffic stop into a DUI investigation. *Jones*, 300 Kan. at 641.

First, Deputy Fisher observed an open can of beer at Knox's feet. Knox's actions in transporting an open container of alcohol may be considered in determining whether there was reasonable suspicion he was driving under the influence. *State v. Wagner*, No. 112,730, 2015 WL 6620621, at *9 (Kan. App. 2015) (unpublished opinion) (finding transporting open containers of alcohol were properly considered as evidence of DUI).

Knox argues that an open container alone does not create reasonable suspicion. In support, Knox cites *State v. Krinhop*, No. 118,000, 2018 WL 2994290, at *1-2 (Kan. App. 2018) (unpublished opinion). In *Krinhop*, the defendant struck a peacock with his vehicle. The owner of the peacock observed Krinhop holding a can of beer in his hand as he stepped out of his vehicle. Krinhop was later charged and convicted of DUI. A panel of our court examined whether Krinhop's possession of an open container of alcohol constituted reasonable suspicion to conduct a DUI investigation. The panel noted that the deputy investigating the DUI could not articulate any other fact supporting reasonable suspicion other than the peacock owner's observation and found the district court erred in failing to grant Krinhop's motion to suppress. 2018 WL 2994290, at *2.

Knox's situation is distinguishable from *Krinhop*. Here, rather than a third party, Deputy Fisher personally observed the open beer at Knox's feet and the spilled liquid on the driver's side floorboard. And unlike in *Krinhop*, the open container was not the sole evidence utilized to determine reasonable suspicion. The open container of alcohol present in Knox's vehicle was properly considered by Deputy Fisher as part of the totality of circumstances supporting reasonable suspicion.

Similarly, the presence of an open box of beer in a defendant's vehicle may be considered as part of an officer's reasonable suspicion that the driver is currently under

the influence of alcohol. See *State v. McGinnis*, 40 Kan. App. 2d 620, 628, 194 P.3d 46 (2008) (12-pack of beer in front seat considered as part of a reasonable suspicion analysis). It is undisputed that Deputy Fisher observed an open box of Busch Light in Knox's back seat at the time he pulled Knox over.

Kansas courts have also found that the odor of alcohol is enough to extend a traffic stop into a DUI investigation. See *State v. Johnson*, 46 Kan. App. 2d 387, 391, 264 P.3d 1018 (2011). In *Johnson,* a panel of our court considered whether a traffic stop was lawfully extended into a DUI investigation. The panel noted that the validity of the underlying stop was not contested. The panel concluded that "once Johnson's vehicle was lawfully stopped, Campbell's detection of the odor of alcohol on Johnson's breath provided sufficient grounds to extend the scope and duration of the stop." 46 Kan. App. 2d at 391. Similarly, while Deputy Fisher initially could not observe the odor of alcohol because Knox only partially rolled his window down, he was able to observe the odor of alcohol once Knox exited the vehicle.

Knox's admission to drinking four or five beers the night of the stop also properly contributed to Deputy Fisher's reasonable suspicion that Knox was driving while intoxicated. See *State v. Pollman*, 286 Kan. 881, 895, 190 P.3d 234 (2008) (defendant's admission to drinking a few beers properly considered as part of the totality of circumstances supporting reasonable suspicion).

Knox asks us to consider *State v. Mosier*, No. 123,715, 2021 WL 3573842, at *1 (Kan. App. 2021) (unpublished opinion). In *Mosier,* a panel of this court found that a deputy lacked reasonable suspicion to extend a traffic stop into a DUI investigation because Mosier's admission of drinking alcohol did not specify the timing of his drinking. 2021 WL 3573842, at *6. The court also noted that Mosier showed no signs of impairment, and the deputy observed no traffic infractions. But in comparison, here Deputy Fisher did not rely on *only* an admission of drinking to begin the DUI

7

investigation. As explained above, his suspicion was based on other observations, including the odor of alcohol, an open container of alcohol at Knox's feet, a wet floorboard, and an open box of Busch Light in the back seat.

We conclude this analysis by reviewing the totality of the circumstances. Knox agrees that his traffic stop was legal. He argues that under the totality of circumstances, there was no reasonable suspicion to extend that traffic stop into a DUI investigation. We reiterate the standard that the extension of a traffic stop into a DUI investigation requires "an objectively reasonable and articulable suspicion that criminal activity was or is taking place." *Jones*, 300 Kan. at 641. Reasonable suspicion depends on the totality of the circumstances in the view of a trained law enforcement officer. *Sharp*, 305 Kan. 1081.

We find that under the totality of circumstances, reasonable suspicion supported Deputy Fisher's extension of the original traffic stop into a DUI investigation. Deputy Fisher articulated a reasonable suspicion of criminal activity which included observing an open box of Busch Light in Knox's back seat, an open beer at his feet, an odor of alcohol, and Knox's admission to drinking four or five beers that evening. Kansas courts have acknowledged that each of these factors may be properly considered within a totality of the circumstances analysis. These facts, considered in sum, demonstrate reasonable suspicion that Knox had committed the crime of DUI which allowed Deputy Fisher to lawfully extend the original traffic stop into a DUI investigation. The district court did not err in denying Knox's motion to suppress.

Affirmed.